## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANA CECELIA RIVERA NOVACK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 23-CV-10635-AK |
| v. | ) | |
| | ) | |
| LOREN K. MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

**ANGEL KELLEY, D.J.**

Plaintiff Ana Cecelia Rivera Novack ("Novack") brings this action against Defendants Loren K. Miller, in his official as the Director of the Nebraska Service Center, Ur Mendoza Jaddou, in her official capacity as Director of the United States Citizenship and Immigration Services, and Alejandro Mayorkas, in his official capacity as Acting Secretary of Homeland Security (collectively, "Defendants" or "USCIS"). Novack asserts that Defendants have unreasonably withheld adjudication of her I-601A Waiver Application, in violation of Section 555(b) of the Administrative Procedure Act ("APA"). Defendants have filed a Motion to Dismiss the action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 9]. Defendants' Motion to Dismiss is **GRANTED** because, while the Court finds that it has subject matter jurisdiction, it also concludes that Plaintiff has failed to adequately state a claim.

1

## I.      BACKGROUND

Novack is a forty-two-year-old citizen of El Salvador who entered the United States in 2003 without inspection.  [Dkt. 1 ("Compl.") at 1].  She is married to a seventy-nine-year-old United States citizen and Veteran who suffers from a variety of medical issues.  [Id. at 1, 6]. Novack's husband depends on her for his daily care, which includes preparing proper meals and administering his medications.  [Id. at 6-7].

Under the Immigration and Nationality Act ("INA"), certain noncitizens are considered "inadmissible" and are thus ineligible to receive visas or to be admitted into the United States. 8 U.S.C. § 1182(a) ("Section 1182").  A noncitizen who used to live in the United States unlawfully and later departs will be deemed "inadmissible" and becomes barred from reentry. Id. at § 1182(a)(9)(B)(i).  To seek exception from this restriction, Novack filed an application for an unlawful presence waiver ("entry waiver") by filing Form I-601A with USCIS on December 18, 2020.  [Compl. at 6].  Form I-601A is the means through which the Secretary of Homeland Security can in their "sole discretion" waive the bar to reentry for "an immigrant who is the spouse . . . of a United States citizen" for whom the "refusal of admission [of their spouse] . . . would result in extreme hardship."  8 U.S.C. § 1182(a)(9)(B); U.S. Citizenship and Immigration Services, I-60lA, Application for Provisional Unlawful Presence Waiver, https://www.uscis.gov/i-601a.  Novack's entry waiver application, if granted, will allow her to travel for her immigrant visa interview at the U.S. Consulate in El Salvador.  [Compl. at 2].

Novack's application for an entry waiver was assigned to the Nebraska Service Center for processing, where the current estimated processing time is 34.5 months for I-601A forms. [Id. at 2].  During the time an application is pending, USCIS prohibits inquiries from applicants regarding their petitions.  [Id. at 2].  The more USCIS delays adjudication, the longer its

estimated processing time becomes.  [Id. at 6].  This results in applicants being unable to inquire about their applications for longer periods of time than originally proposed by USCIS.  [Id.].  Consequently, Novack was not permitted to inquire about her application until nearly three years after she filed it.  [Id. at 2].

Novack first seeks relief under the Mandamus Act to compel USCIS to adjudicate her entry waiver application within 30 days (Count I).[1]  [Compl. at 7-9].  Novack's second claim is for relief under the APA for unreasonable delay.  [Id. at 8-10].  In response, the Defendants have filed a Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, failure to state a claim under Rule 12(b)(6).  [Dkt. 9].  The Court heard arguments on this matter on January 23, 2024, and subsequently took the matter under advisement.  [Dkt. 23].

## II.   LEGAL STANDARD

Federal courts are of limited jurisdiction, and on a motion to dismiss pursuant to Rule 12(b)(1), the Court must ensure it has the constitutional and statutory authority to adjudicate. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The party asserting federal jurisdiction is responsible for establishing that such jurisdiction exists and the Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." Donahue v. City of Bos., 304 F.3d 110, 117 (1st Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101-02 (1998)); see Kokkonen, 511 U.S. at 377; Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001).  Review for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is "similar to that accorded a dismissal for failure to state a claim pursuant to" Federal Rule of Civil Procedure 12(b)(6). Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  That is, when "a district

---

[1] Since "courts have construed the APA and the mandamus statute to be coextensive, this court will address the statutes interchangeably." Litvin v. Chertoff, 586 F. Supp. 2d 9, 11 (D. Mass. 2008).

court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

## III.  DISCUSSION

### A.  Dismissal for Lack of Subject Matter Jurisdiction

Plaintiff is asserting that USCIS's delay in adjudicating her entry waiver application is unreasonable. Under the APA, a reviewing court can "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), unless another statute precludes judicial

review, 5 U.S.C. § 701(a)(1).  Defendants argue that there is such a statute here.  [Dkt. 10 at 4]

Under the INA, the Secretary of Homeland Security's authority to waive restrictions on entry for

the spouses of US citizens, states that "[n]o court shall have jurisdiction to review a *decision or*

*action* by the Attorney General regarding a waiver under this clause."  8 U.S.C. §

1182(a)(9)(B)(v) ("Section 1182 waiver") (emphasis added).[2]  Defendants argue that this

jurisdiction stripping provision applies to delays and that therefore the Court here lacks subject

matter jurisdiction.  [Dkt. 10 at 4].

     The scope of the Section 1182 waiver is therefore central to the Court's ability, or lack

thereof, to adjudicate this dispute.  joThe Court must determine whether the Section 1182 waiver

prevents judicial review not only of a determination made by the Secretary of Homeland

Security, but also of the delay that occurs while waiting for such a decision.  The current

majority of courts that have addressed this issue have found that this judicial review waiver

precludes the district courts from reviewing such delays, while a minority have reached the

opposite conclusion.  [Dkt. 24-1].[3]  The Court here is ultimately more persuaded by the

---

[2] Enforcement of the INA has been transferred from the Attorney General to the Secretary of Homeland Security. 8 U.S.C. § 1103(a)(1).  USCIS is a constituent agency of the Department of Homeland Security.  [Compl. at 4].

[3] According to the supplemental authority filed by the parties, 28 cases have found that the Section 1182 waiver applies while eight have found that it does not.  [Dkts. 24-1; 25; 26].  The cases that have found the waiver applies are the following: Candido v. Miller, No. 23-CV-11196 (D. Mass. Feb. 21, 2024) (ECF No. 18); Singh v. Mayorkas, No. 23-CV-00527, 2024 WL 420124 (M.D. Tenn. Feb. 5, 2024); Juarez v. Mayorkas, No. 23-CV-00463, 2024 WL 497150 (M.D. La. Feb. 8, 2024); Lopez Real v. U.S. Citizenship & Immigr. Servs., No. 23-CV-14684 (N.D. Ill. Feb. 9, 2024) (ECF no. 19); Lovo v. Miller, 2023 WL 3550167; Mercado v. Miller, No. 22-CV-02182, 2023 WL 4406292 (D. Nev. Jul. 7, 2023); Mafundu v. Mayorkas, No. 23-CV-60611, 2023 WL 5036142 (S.D. Fla. Aug. 8, 2023); Echeverri v. U.S. Citizenship & Immigr. Servs., No. 23-CV-21711, 2023 WL 5350810 (S.D. Fla. Aug. 21, 2023); Vijay v. Garland, No. 23-cv-00157, 2023 WL 6064326 (M.D. Fla. Sept. 18, 2023); Lozoya Rodriguez v. Mayorkas, No. 22-CV-0753, 2023 WL 9787818 (D.N.M. Sept. 27, 2023); Boczkowski v. Mayorkas, 23-CV-02916 (N.D. Ill. Oct. 6, 2023) (ECF No. 16); Rosales Beltran v. Miller, No. 23-CV-3053, 2023 WL 6958622 (D. Neb. Oct. 20, 2023); Grajales Cortes v. Miller, 23-CV-3073 (D. Neb. Oct. 20, 2023) (ECF No. 26); Reyes Silva v. Miller, No. 23-CV-3038, 2023 WL 7042347 (D. Neb. Oct. 26, 2023); Solorio v. Miller, No. 23-CV-3071, 2023 WL 9501176 (D. Neb. Nov. 1, 2023); Ybarra v. Miller, No. 23-CV-3082, 2023 WL 7323365 (D. Neb. Nov. 7, 2023); Macias v. Miller, No. 23-CV-3078, 2023 WL 8253203 (D. Neb. Nov. 13, 2023); Cisneros v. Miller, No. 23-CV-3074, 2023 WL 9500782 (D. Neb. Nov. 14, 2023); Hernandez v. Miller, No. 23-CV-3084, 2023 WL 9501175 (D. Neb. Nov. 15, 2023); Sanchez v. U.S. Citizenship & Immigr. Servs., No. 23-CV-3102, 2023 WL 9500875 (D. Neb. Nov. 16, 2023); Soni v. Jaddou, No. 23-CV-50061, 2023 WL 8004292 (N.D. Ill. Nov. 17, 2023); Tetelain v. Jaddou, No. 23-

arguments articulated in the minority contingent and is therefore unpersuaded by Defendants'
arguments that judicial review is precluded here.

To address this dispute, the Court must assess what "action" is understood to mean under
this statute. Plaintiff argues that the Section 1182 waiver does not apply because, while no
decision has been made, Plaintiff's challenge is to the failure to make a timely decision. At the
same time, Defendants zero in on the fact that the waiver precludes review of both "a decision *or
action*." [Dkt. 18 at 3 (emphasis in original) (quoting 8 U.S.C. § 1182(a)(9)(B)(v))]. The
Defendants argue that, therefore, the Section 1182 waiver applies because the agency's decision
not to act on an application in and of itself should be considered an "action . . . regarding a
waiver." Lovo v. Miller, No. 22-cv-00067, 2023 WL 3550167, at *3 (W.D. Va. May 18, 2023)
(citing 8 U.S.C. § 1182(a)(9)(B)(v)); [Dkt. 10 at 4].

Defendants highlight the fact that under the APA, the definition of "agency action"
includes the "failure to act." 5 U.S.C. § 551(13); [Dkt 18 at 3]. The Court does not find that this
definition controls, however. The APA is a separate statute whose language is not at issue here.
The language at issue here is the scope of Section 1182's waiver under the INA. The APA's
definitions "are only mandatory in the context of the APA itself." Lansdowne on the Potomac
Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC, 713 F.3d 187, 200 (4th Cir. 2013).

---

CV-60742, 2023 WL 9787562 (S.D. Fl. Nov. 27, 2023); Singh v. U.S. Citizenship & Immigr. Servs., No. 23-CV-
00254, 2023 WL 8359889 (M.D. Pa. Dec. 1, 2023); Soto v. Miller, 2023 WL 8850747 (E.D. Wash. Dec. 21, 2023);
De Lima v. United States, No. 23-CV-60793, 2024 WL 762475 (S.D. Fla. Jan. 12, 2024); Morales Sanchez v.
Garland, No. 23-CV-60701, 2024 WL 762474 (S.D. Fla. Jan. 12, 2024); Calisto v. Sec'y of Homeland Sec., No. 23-
CV-00422, 2024 WL 473694 (M.D. Fla. Jan. 22, 2024). The eight cases that have reached the opposite conclusion
are the following: Bamba v. Jaddou, No. 23-cv-00357, 2023 WL 5839593 (E.D. Va. Aug. 18, 2023); Granados v.
United States, 2023 WL 5831515 (D. Colo. Aug. 23, 2023); Lara-Esperanza v. Mayorkas, No. 23-CV-01415, 2023
WL 7003418 (D. Colo. Oct. 24, 2023); Saavedra Estrada v. Mayorkas, No. 23-CV-2110, 2023 WL 8096897 (E.D.
Pa. Nov. 21, 2023); Cervantes v. Jaddou, No. 23-CV-00596 (E.D. Va. Nov. 30, 2023) (ECF no. 16); Guevara v.
Miller, No. 23-CV-00397, 2024 WL 83504 (E.D. Va. Jan. 8, 2024); Escobar v. Miller, No. 23-CV-00399, 2024 WL
98393 (E.D. Va. Jan. 8, 2024); Estrada v. Miller, No. 1:23-cv-00402, 2024 WL 98151 (E.D. Va. Jan. 8, 2024).

Another indication that suggests against importing the APA's definition to this context is the fact that the term "agency action" is also not present in Section 1182's text.

With the term "action" left undefined in the statute, the Court must interpret the term "in accordance with [its] ordinary meaning." Sebelius v. Cloer, 569 U.S. 369, 376 (2013) (quoting BP Am. Prod. Co. v. Burton, 549 U.S. 84, 91 (2006)).  Defendants argue that "action" in this instance can also be understood to mean the process of rendering a decision.  [Dkt. 18 at 3].  They cite two definitions that could be amenable to such an interpretation.  See Action, Black's Law Dictionary (11th ed. 2019) (defining "action" as "[t]he process of doing something; conduct or behavior."); Action, American Heritage Dictionary of the English Language (5th ed. 2022) (defining "action" as "[t]he state or process of acting or doing").  Even under such definitions though, "action" is understood to require some affirmative step to be taken.  Here, Plaintiff's application remains pending and is subject to increasing delays.  [Compl. at 6].  On the record before the Court, there is not only no decision but also no indication that any progress has been made towards processing her application.  [See id.].  To say that taking action and not taking action mean the same thing would render the word meaningless.  Saleem v. Keisler, 520 F. Supp. 2d 1048, 1052 (W.D. Wis. 2007) (examining the phrase 'a decision or action' in a different provision of the INA and finding that "no matter how narrowly a court defines 'action,' it would require an Orwellian twisting of the word to conclude that it means a failure to adjudicate"); Liu v. Novak, 509 F. Supp. 2d 1, 7 (D.D.C. 2007) ("action and inaction are distinct.").

While defining "action" in a limited fashion to include the incremental steps taken before a decision may be a reasonable interpretation of the term, that interpretation is not sufficiently clear to overcome the presumption in favor of judicial review.  When there is ambiguous language within a statute and Congress' intent is unclear, the court should assume that Congress

intended to allow for judicial review.  Bernardo ex rel. M & K Eng'g, Inc. v. Johnson, 814 F.3d
481, 485 (1st Cir. 2016).  This presumption has been "consistently applied" to immigration-
related statutes.  Guerrero-Lasprilla v. Barr, 589 U.S. 221, 229 (2020) (quoting Kucana v.
Holder, 558 U.S. 233, 251 (2010)).

The supplemental authority Defendant provides makes the additional argument that the
Supreme Court's analysis in its decision in Patel v. Garland, 596 U.S. 328 (2022) precludes relief
here.  [Dkt. 15 (citing Mercado, 2023 WL 4406292 at *2)].  In Patel, the Court found that a
separate jurisdiction-stripping provision that prohibited "review of any judgment regarding the
granting of relief" precluded federal courts from having jurisdiction to review factual findings
that were part of discretionary-relief proceedings.  Patel, 596 U.S. at 347.  The Court reached this
conclusion by reading the terms "any" and "regarding" expansively to include an Immigration
Judge's factual findings, and not just their ultimate decision on whether to grant relief.  Id. at
338-339.  The Court here is not persuaded that Patel bears on the outcome of this case given that
a different jurisdiction-stripping provision is at issue in this case and because different words are
at the core of this controversy.  Moreover, the logic of Patel cannot be imported to this case
because the dispute therein was over the scope of the term "judgment" not over whether any kind
of judgment had occurred at all.  See id. at 337.  However, here the parties dispute whether
Defendant has taken any affirmative steps that can be fairly understood as "action."

As such, the Court concludes that the jurisdiction-stripping provision in Section 1182 is
not applicable here and does not preclude its ability to review this matter.  However, Plaintiff's
claim still fails because they have not stated a claim for unreasonable delay.

**B.      Dismissal for Failure to State a Claim**

Plaintiff's claim is brought pursuant to Section 555(b) of the APA which requires any agency to conclude each matter brought within a reasonable time frame.  5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). Additionally, the APA requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  To assess whether an agency has unreasonably delayed, the court may look to the factors outlined in Telecomm. Rsch. & Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC").  See V.U.C. v. U.S. Citizenship & Immigr. Servs., 557 F. Supp. 3d 218, 223 (D. Mass. 2021) (applying TRAC factors to evaluate unreasonable delay claim); King v. Off. for C.R. of U.S. Dep't of Health & Hum. Servs., 573 F. Supp. 2d 425, 431 (D. Mass. 2008) (same).  The TRAC factors are as follows:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

TRAC, 750 F.2d at 80.  Application of the TRAC factors involves "a fact intensive inquiry." V.U.C., 557 F. Supp. 3d at 223 (quoting Nio v. U.S. Dep't of Homeland Sec., 270 F. Supp. 3d 49, 66 (D.D.C. 2017)).  Therefore, their application "should not typically be resolved at [the motion to dismiss] stage."  Barrios Garcia v. U.S. Dep't of Homeland Sec., 25 F.4th 430, 451

(6th Cir. 2022) (quoting <u>Gonzalez v. Cuccinelli</u>, 985 F.3d 357, 375 (4th Cir. 2021)); <u>see</u>

<u>Mashpee Wampanoag Tribal Council, Inc. v. Norton</u>, 336 F.3d 1094, 1100 (D.C. Cir. 2003)

("Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task

requiring consideration of the particular facts and circumstances before the court.").

The rule of reason is the first and most important TRAC factor.  <u>In re Core Commc'ns,</u>

<u>Inc.,</u> 531 F.3d 849, 855 (D.C. Cir. 2008).  It looks to whether the agency's response time is

"governed by an identifiable rationale."  <u>Dastagir v. Blinken</u>, 557 F. Supp. 3d 160, 165 (D.D.C.

2021) (quoting <u>Ctr. for Sci. in the Pub. Int. v. FDA</u>, 74 F. Supp. 3d 295, 300 (D.D.C. 2014)).

Defendants argue that they adhere to such a rule given that they state publicly that they

"generally process cases in the order we receive them."  [Dkt. 1-4 at 2].  First-come-first-served

is a logical and identifiable rationale and therefore this factor leans in Defendant's favor.  The

second TRAC factor also leans in favor of Defendant as Congress has not specified a timetable

for action.  The same is true of factor six as there is not any allegation of impropriety.  However,

given the impact the delay has had on Plaintiff, and the stress it has caused her [<u>see</u> Compl. at 7],

factors three and five lean in Plaintiff's favor.

Applying the TRAC factors, and in particular factor four which looks to the effect of

expediting the delayed action, the Court concludes that Plaintiff has not articulated a claim for

unreasonable delay.  Plaintiff's primary rationale is that the duration of their wait has become

unacceptably long.  This though is insufficient to demonstrate that the delay reaches the point of

being considered unreasonable.  <u>Anversa v. Partners Healthcare Sys., Inc.</u>, 835 F.3d 167, 179

(1st Cir. 2016) ("The duration of administrative proceedings, without more, cannot suffice to

demonstrate that an agency's actions are unreasonable.").  Plaintiff has not alleged that the

processing times she is subject to is any longer than the processing times generally of other I-

601A entry waiver applicants or that there are circumstances that would entitle her to "special expedited consideration." <u>V.U.C.</u>, 557 F. Supp. 3d at 224.  If the Court were to grant the relief Plaintiff requests, it would simply move her application ahead of others who have waited longer for the same relief.  <u>See</u> <u>id.</u>; <u>Mashpee</u>, 336 F.3d at 1100 ("[W]e refused to grant relief, even though all the other factors considered in TRAC favored it, where 'a judicial order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain.'" quoting <u>In re Barr Lab'ys, Inc.</u>, 930 F.2d 72, 75 (1991)).

Accordingly, Plaintiff's claim is dismissed for the failure to state a claim.

## IV.   CONCLUSION

While the Court sympathizes with Plaintiff's predicament, it finds that the law does not permit such an unreasonable delay claim to be brought in this context.  Therefore, Defendant's Motion to Dismiss [Dkt. 9] is **GRANTED.**

**SO ORDERED.**

Dated: March 29, 1994

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge